UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| KENT THORSHEIM, | : | |
| | : | |
| Plaintiff, | : | NO. 4:10-CV-00407-JEG-CFB |
| | : | |
| vs. | : | |
| | : | REPORT AND RECOMMENDATION |
| STATE OF IOWA, | : | ON MOTIONS TO DISMISS |
| POLK COUNTY, IOWA, | : | |
| CITY OF DES MOINES, IOWA, | : | |
| KERI JOBE, CINDY MILLER, | : | |
| JANIS LAVORATO, JULIE BURGER, | : | |
| ROGER KUHLE, MARK GODWIN, | : | |
| and JOHN ROEHRICK, | : | |
| | : | |
| Defendants. | : | |

This matter comes before the Court on the Motions to Dismiss filed by Defendants State of Iowa, Julie Burger, Keri Jobe, Janis Lavorato, and Cindy Miller (Clerk's Nos. 6 and 22, filed September 30 and November 10, 2010, respectively); Defendants City of Des Moines and Mark Godwin (Clerk's Nos. 13 and 17, filed October 21 and November 2, 2010, respectively); Defendants Polk County and Roger Kuhle (Clerk's No. 15, filed November 1, 2010); and Defendant John Roehrick (Clerk's No. 36, filed January 13, 2011). Plaintiff, Kent Thorsheim, who is proceeding pro se, asserts claims under 42 U.S.C. § 1983 and under state law based on allegations that Defendants tampered with hearing transcripts in an underlying state case. Thorsheim has filed Resistances to the Motions to Dismiss.

This case was referred to the undersigned on November 4, 2010, for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). The Court considers these matters fully

1

submitted. After carefully considering the record, the Court finds and recommends as follows on the issues presented.

**I. Background**[1]

In his Second Amended Complaint, referring to and incorporating attached state court filings[2], Thorsheim alleges as follows.

In Iowa District Court for Polk County, Thorsheim, a Des Moines resident, filed his pro se second amended petition on August 2, 2006, against several defendants, including certain defendants in this case: Polk County, the City of Des Moines, the State of Iowa, and Janis Lavorato. In his state case, Thorsheim alleged slander, libel, obstruction of defense and prosecution, conspiracy to commit fraud, conspiracy to commit defamation, conspiracy to commit obstruction and conspiracy to commit malicious prosecution. Part of the allegations asserted tampering with transcripts in an underlying case. Between December 19, 2006, and March 12, 2007, the defendants filed their respective motions for summary judgment and/or

---

[1] When considering a motion to dismiss, a court views the allegations and facts set forth in the complaint as true "even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

[2] The Court may rely on the state court records without converting the Motions to Dismiss to Motions for Summary Judgment, both because the state court records are public records of which the Court may take judicial notice in considering the Motions to Dismiss, *see Little Gem Life Scis., LLC v. Orphan Med., Inc.,* 537 F.3d 913, 916 (8th Cir. 2008) (the court "may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings"); *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007); *State v. Barnholtz*, 613 N.W.2d 218, 221 (Iowa 2000); Iowa Code § 22.1, and because Thorsheim attached the state court records to his Amended Complaint and Second Amended Complaint, *see Minch Family LLLP v. Buffalo-Red River Watershed Dist.*, 628 F.3d 960, 967 (8th Cir. 2010) (considering state district court's order attached to complaint as a part of the complaint); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Furthermore, to the extent a party mounts a factual challenge to jurisdiction under Rule 12(b)(1), a court "may look outside the pleadings," for example to deposition testimony and other documents, "to determine whether jurisdiction exists, and the nonmoving party loses the benefit of favorable inferences from its factual statements." *See Dolls, Inc. v. City of Coralville, Iowa*, 425 F. Supp. 2d 958, 970 (S.D. Iowa 2006).

joined in the motions. Iowa District Court Judge Hanson held hearings on the motions for summary judgment and other matters on April 6 and July 6, 2007. Keri Jobe, a defendant in the present case, was the court reporter for the hearings.

In a ruling filed August 9, 2007, Judge Hanson found that no genuine issue of material fact existed, that Thorsheim had not provided sufficient evidence to establish his claims, and that the defendants were entitled to judgment as a matter of law; the court granted all the defendants' motions for summary judgment and dismissed Thorsheim's action in its entirety. Ruling on Motions for Summary Judgment and Motion to Change Venue, *Thorsheim v. Iowa Dist. Ct. for Polk Cnty.*, No. CL 101804 (Iowa Dist. Ct. Aug. 9, 2007), ECF No. 3-1. On August 20, Thorsheim filed a combined motion requesting the following: the court's reconsideration of its August 9 ruling; leave to amend his petition; and correction of the transcript from an earlier proceeding in another case. On September 24, he filed a motion for clarification and continuance. On October 5, Thorsheim filed a motion to stay the proceedings. The same day, Judge Hanson held a hearing on the pending motions. Cindy Miller, a defendant here, was the court reporter for the hearing. In a ruling filed January 8, 2008, the court denied all of Thorsheim's motions.

On January 18, 2008, Thorsheim filed motions for a new trial, for a mistrial, and to recuse. The court denied the motions in a ruling filed March 3. On March 12, Thorsheim filed combined motions seeking the following: to preserve error under Iowa Rules of Civil Procedure, recusal, and sanctions. On May 2, the court denied the combined motions, stating the motions were successive, repetitive, and raised no new issues that the court had not already addressed at least once before, and thus under Iowa law, the motions were improper. The court stated that under Iowa law, Thorsheim's recourse, if any, at that point was to appeal the district court's ruling to a higher court. On May 12, Thorsheim filed a motion to modify or amend the judgment

under Iowa Rule of Civil Procedure 1.904(2)[3], and to request that the court order a transcript or stipulation of part of the hearing on the defendants' previously granted motions for summary judgment.

On May 28, 2008, Judge Hanson filed an order finding that Thorsheim's motion under Rule 1.904(2) was successive and repetitive, and the motion raised no new issues. The court found that one or more of Thorsheim's five previous motions, as well as the Rule 1.904(2) motion, were neither well-grounded in fact nor warranted by existing law or a good faith argument, and the motions were interposed for the improper purposes of harassing the defendants and/or increasing their litigation costs. The court further found that in signing each motion, Thorsheim certified under Iowa law that he had no improper purpose for the motions. The court stated it believed that Thorsheim was proceeding pro se for financial reasons, and the court consequently believed that an award to the defendants of expenses, including attorneys' fees, incurred in defending the various motions would be an inappropriate or ineffective deterrent to the filing of additional improper motions by Thorsheim. The court stated that an effective deterrent might be to stay the proceedings until Thorsheim furnished an undertaking similar to that provided under Iowa law to deter the filing of multiple frivolous actions. Accordingly, the court ordered that all proceedings on the Rule 1.904(2) motion, and all other matters in the case, were stayed unless and until Thorsheim furnished an undertaking, secured by a bond of $50,000 in cash or sureties, to pay all costs resulting to all the defendants.

Thorsheim filed a pro se appeal with the Supreme Court of Iowa, appealing both the district court's August 9, 2007, ruling granting summary judgment and dismissing his case, and the court's May 28, 2008, order staying any further action and requiring the bond. On August 5, 2008, a defendant filed a motion to dismiss. The defendant stated Thorsheim had provided a Combined Certificate asserting he ordered a transcript of the hearings on April 6 and July 7, 2007.

---

[3] Rule 1.904(2) provides that on motion "joined with or filed within the time allowed for a motion for new trial, the findings and conclusions may be enlarged or amended and the judgment or decree modified accordingly or a different judgment or decree substituted." Iowa R. Civ. P. 1.904(2) (2007).

Thorsheim states that on September 2 and 3, 2008, he learned of the tampering with the transcripts. Sec. Am. Compl. 1, ECF No. 14. He maintains that Judge Hanson participated in the alleged transcript tampering. According to Thorsheim, the "omissions or alterations of the transcripts were committed to prejudice the plaintiff's case on appeal and cover-up the chicanery by the court who was trying to deceive the plaintiff by taking advantage of the plaintiff's lack of legal skills." *Id.* at 6. Thorsheim did not request an immediate stay of the appellate proceedings based on his discovery of the omissions and alterations in the transcripts, or otherwise call the matter to the attention of the Supreme Court of Iowa. He proceeded with the transcripts as provided.

On September 4, 2008, a single Justice, acting on behalf of the Supreme Court of Iowa, pursuant to Iowa Court Rules, entered an order finding untimely Thorsheim's appeal of the district court's August 9, 2007, order granting summary judgment, and any other order in *Thorsheim v. Iowa Dist. Ct. for Polk Cnty.*, No. CL 101804, filed prior to the district court's May 28, 2008, order. Order, *Thorsheim v. Iowa Dist. Ct. for Polk Cnty.*, No. 08-1056 (Iowa Sept. 4, 2008), ECF No. 3-1. The court further stated the appeal of the district court's May 28, 2008, order was a challenge to the district court's power to stay all filings without posting a bond. The court treated Thorsheim's filings on this issue as a petition for writ of certiorari under Iowa law, denied the petition and stated it did not need to rule on the motion to dismiss.

On September 15, 2008, Thorsheim filed a motion asking the Iowa Supreme Court to review its September 4 order entered by a single Justice. Motion Review Single Justice Action, *Thorsheim*, No. 08-1056 (Sept. 15, 2008), ECF No. 3-1. Thorsheim contended the Justice had erred in his rulings. Thorsheim maintained that to cover up the district court's malfeasance in not allowing Thorsheim to present evidence at the hearings on the motions for summary judgment and at the hearing on the motion for reconsideration, tampering had occurred with the hearing transcripts. He further asserted the central issue in his appeal was whether the district court had violated his right to present evidence and his due process right to a fair trial. He stated he was reserving the right to file a federal lawsuit under 42 U.S.C. § 1983 asserting the new allegations of tampering with transcripts.

5

In another motion filed September 15, 2008, Thorsheim informed the Iowa Supreme Court that on September 2 and 3, 2008, he had received from court reporters Jobe and Miller copies of the transcripts of the relevant hearings, which were held April 6, July 6, and October 5, 2007, and that after reviewing the transcripts, he "claims that the transcripts do no[t] truly disclose what occurred in the district court hearings." Motion Enlarge Time File Proof Brief and Correct Record, *Thorsheim*, No. 08-1056 (Sept. 15, 2008), ECF No. 3-1 at 74 (alteration added). Thorsheim further asserted that the transcripts had been "tampered with," and he stated he believed, "Judge Hanson is involved by inducing court reporters Jobe and Miller to tamper with their respective transcripts" *Id.* at 75-76. "Hanson benefits from the illegal changes made and the omissions/errors are material and relied upon by plaintiff." *Id.* Thorsheim stated he had "contended in prior motions his concern that the court might try to alter records again," and he requested that the Iowa Supreme Court "direct that omissions be corrected before another judge other than Judge Hanson." *Id.* at 77. In his affidavit filed in the Iowa Supreme Court, Thorsheim listed the lines in the transcripts that contained omissions and errors, and he supplied corrections to the transcripts. Thorsheim Aff., *Thorsheim*, No. 08-1056 (Sept. 15, 2008), ECF No. 14-1.

On September 24, a defendant filed a resistance to Thorsheim's motion for review of the single Justice's decision. The resistance focused on Thorsheim's claims of transcript tampering, referring to his allegations as baseless, and including attached letters from the court reporters at issue.

On October 17, 2008, three Justices of the Supreme Court of Iowa filed an Order stating as follows:

> This matter comes before the court . . . upon the plaintiff's motion to review the court's order of September 4, 2008, which found part of his appeal untimely and denied certiorari on the rest of it.
> After careful consideration, we confirm the September 4, 2008 order as the order of this court.

Order, *Thorsheim*, No. 08-1056 (Iowa Oct. 17, 2008), ECF No. 3-2. Thorsheim does not maintain he appealed the Order.

Thorsheim filed his pro se Complaint in federal court on August 30, 2010. The Complaint referred to, but did not have, attachments. On August 31, Thorsheim filed an Amended Complaint, which specifically referred to and incorporated attached state court documents from the state district court case, *Thorsheim*, No. CL 101804, and the case on appeal to the Iowa Supreme Court, *Thorsheim,* No. 08-1056.

On October 25, 2010, Thorsheim filed a Second Amended Complaint, which incorporated by reference the state court filings attached to the Amended Complaint filed August 31, 2010. The Second Amended Complaint also referred to and had attached his Affidavit in Support of Motion for Enlargement of Time to File Proof Brief and to Correct Transcript, which Thorsheim asserted he had filed in *Thorsheim,* No. 08-1056. Thorsheim stated he was suing the defendants in their individual capacity, claiming they had violated federal and state law by tampering with the transcripts from the hearings on April 6, July 6, and October 5, 2007, in *Thorsheim*, No. CL 101804, and destroying the related audio tapes made at the hearings. He further alleged the alterations of the transcripts harmed him "in a manner that prejudiced his direct appeal or writ of certiorari." Sec. Am. Compl. 12. He "had more than sufficient evidence available at the time of the hearing to show that a dispute existed . . . . The issue now is not what the evidence was, but rather whether the plaintiff was given an opportunity to present his case and does the transcript accurately reflect this violation. . . . These omissions violate one of the most fundamental rights to present evidence and shows the abuse of the court. This clearly shows reversible error." *Id.* at 8.

Recognizing that Thorsheim is proceeding without the assistance of a legal professional and has filed a pro se Complaint, it appears to the Court that Thorsheim brings claims under 42 U.S.C. § 1983 alleging violations of Thorsheim's constitutional rights, including his rights under the Fourteenth Amendment, and state law claims asserting spoliation and intentional infliction of emotional distress. He seeks $7 million in special and punitive damages, and requests the Court reinstate his state case.

## II. Discussion

### A. Federal Claims

Thorsheim maintains Defendants violated his rights under the due process and equal protection clauses of the Fourteenth Amendment by (1) the "willful and wanton alteration of three transcripts that prejudiced the Plaintiff's direct appeal, petition for writ of certiorari, or review by the U.S. Supreme Court," and (2) the "failure by the state to afford an adequate procedure for settling transcript errors."[4] Res. State's Mot. Dismiss Am. Compl. 1, ECF No. 30.

Regarding his claim that the state failed to afford an adequate procedure for settling transcript errors, Thorsheim objects that Iowa Rule of Appellate Procedure 6.807 (formerly Rule 6.10(4))[5] makes it optional, rather than mandatory, for the appellate court to direct the correction of a material omission or misstatement in the record, thus affecting individuals differently "without a rational basis." *Id.* at 2. He complains that in his case, after he brought the transcript omissions and misstatements to the attention of the Iowa Supreme Court before the court's order on October 17, 2008, the court used its discretion to not "address these problems." *Id.* He also objects that even if the court had ordered that corrections to the transcripts be made, Rule 6.807 would have required that Judge Hanson settle any disputes regarding the record, which would have been unfair since the judge allegedly participated in the transcript tampering. Thorsheim contends Iowa law should require that "material differences shall be settled fairly by an impartial judge according to the circumstances or allegations of the individual case." *Id.*

---

[4] Thorsheim did not specifically assert in his Second Amended Complaint a claim based on the state's allegedly inadequate procedure for settling transcript errors. He contends he would have "brought this up earlier but was confused." Res. State's Mot. Dismiss Am. Compl. 3, ECF No. 30. The Court nevertheless addresses the claim here, recognizing that Thorsheim is proceeding pro so and viewing his Second Amended Complaint accordingly.

[5] Under Rule 6.807, if any difference arises as to whether the appellate record "truly discloses what occurred in the district court," the difference "shall be submitted to and settled by that court," and the record "made to conform to the truth." Iowa R. App. P. 6.807. The rule further provides that if "anything material to either party is omitted from the record by error or accident or is misstated," then the "appropriate appellate court on proper suggestion or on its own initiative, may direct that the omission or misstatement be corrected and if necessary that a supplemental record be certified and transmitted." *Id.* Finally, the rule states, "All other questions as to the form and content of the record shall be presented to the supreme court." *Id.*

Defendants move to dismiss these claims pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction and pursuant to Rule 12(b)(6) for failure to state a claim under 42 U.S.C. § 1983.[6]

### 1. Lack of jurisdiction under the *Rooker-Feldman* doctrine

Defendants assert the Court lacks subject-matter jurisdiction under the *Rooker-Feldman* doctrine, which provides that because "only the United States Supreme Court has been given jurisdiction to review a state-court decision," federal district courts "generally lack subject-matter jurisdiction over attempted appeals from a state-court judgment." *Robins v. Ritchie*, No. 10-2397, 2011 WL 222532, at *4 (8th Cir. Jan. 26, 2011) (quoting *Dodson v. Univ. of Ark. for Med. Sciences*, 601 F.3d 750, 754 (8th Cir. 2010) (per curiam), *cert. denied*, 79 U.S.L.W. 3129 (U.S. Jan. 10, 2011)); *see also* 28 U.S.C. § 1257(a); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 416 (1923). The doctrine is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the [federal] district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating plaintiffs in *Rooker* and *Feldman* had litigated and lost in state court, and their federal complaints essentially invited federal courts of first instance to review and reverse unfavorable state-court judgments) (alteration added). Such suits are properly dismissed for want of subject-matter jurisdiction. *Id.*

A state-court loser cannot, moreover, circumvent the *Rooker-Feldman* doctrine by recasting his lawsuit as a § 1983 claim and trying again in federal district court. *Robins*, No. 10-2397, 2011 WL 222532, at *4 (citing *Dodson*, 601 F.3d at 754). Instead, he "must follow the appellate procedure through the state courts and seek review before the Supreme Court." *Dodson*, 601 F.3d at 755 (citing *Rooker*, 263 U.S. at 415-16).

---

[6] Defendants also assert other grounds for dismissal, grounds that apply only to certain Defendants. Because the challenge under Rule 12(b)(1) is jurisdictional and applies to all defendants, and the challenge under Rule 12(b)(6) also applies to all the defendants, the Court begins its analysis with these challenges.

One way a court can determine if "a federal claim is based on a complaint of injury caused by a state-court judgment, and thus an appeal of such judgment, is to determine if the state and federal claims are 'inextricably intertwined.'" *Robins*, No. 10-2397, 2011 WL 222532, at \*4 (quoting *Feldman*, 460 U.S. at 482 n.16; *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)). Federal claims are inextricably intertwined with state-court claims if the federal claims can succeed only to the extent the state court wrongly decided the issues before it. *Id.* (citing *Charchenko*, 47 F.3d at 983). "In other words, *Rooker-Feldman* precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its ruling." *Charchenko*, 47 F.3d at 983 (citing *Landers Seed Co. v. Champaign Nat'l Bank*, 15 F.3d 729, 732 (7th Cir. 1994)).

The Court finds Thorsheim's claims are inextricably intertwined with the judgments of the state court. Thorsheim is essentially claiming injury due to the state court rulings against him. He asks this Court to reinstate his state case, relief that would effectively reverse the state court decisions or void the state court rulings. If the state district court had not entered a judgment against Thorsheim and then stayed the proceedings unless he filed a bond, and if the Iowa Supreme Court had not entered decisions against Thorsheim rejecting his attempt to set aside the district court's rulings against him, he would not have had an injury in need of redress. *See Skit Int'l, Ltd. v. DAC Technologies of Ark., Inc.*, 487 F.3d 1154, 1157 (8th Cir. 2007) ("Had the state court not entered a judgment against Skit and thereafter rejected its attempt to set aside the judgment for lack of service, Skit would have no injury in need of redress.") (citing *Garry v. Geils*, 82 F.3d 1362, 1368 (7th Cir. 1996)).

Although Thorsheim claims Defendants tampered with the transcripts from the state district court hearings, he also asserts that he brought his allegations of the transcript tampering, omissions, and misstatements to the attention of the Iowa Supreme Court before the court's order on October 17, 2008, but the court failed to address the problems and ruled against him; therefore the injury alleged was complete only when the state supreme court decided against him. *See Garry*, 82 F.3d at 1368 (determining the plaintiffs were basically claiming injury at the hand of the state court; although plaintiffs alleged their property was condemned because of retaliatory acts by defendants, who were local authorities, the alleged injury was only complete

when the state court actually condemned the property after the defendants' alleged acts). The Court finds that Thorsheim is essentially seeking to set aside a state court judgment or judgments; he is not presenting "some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party." *Exxon*, 544 U.S. at 293 (quoting *GASH Assocs. v. Village of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993)). Thorsheim's claim that he suffered injury as a result of the Iowa Supreme Court's response, pursuant to a state rule, to his complaints of transcript tampering and errors similarly involves review of the state court decision, and the relief he seeks has retrospective effect; Thorsheim's interest in having the state rule set aside is inseparable from his interest in having the state court judgment set aside. *See Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 494-95 (8th Cir. 2000) (holding federal claims challenging state statutory scheme were inextricably intertwined with state court judgment, and therefore barred under *Rooker-Feldman*, where the relief sought both implicated a state court decision and had retrospective as opposed to prospective effect). Accordingly, the Court lacks subject-matter jurisdiction over these claims.

To escape the effect of the *Rooker-Feldman* doctrine, Thorsheim argues he did not have a reasonable opportunity to raise the federal claims in the state proceedings. He asserts that on September 2 and 3, 2008, he discovered the transcripts had been tampered with, but because "the Iowa Supreme Court unexpectedly denied the appeal as untimely," on September 4, he "did not have a reasonable opportunity to adequately raise his claims," and therefore, by allowing the § 1983 action to proceed, "the federal district court will not usurp the role of the state appellate court or Supreme Court by taking jurisdiction." Sec. Am. Compl. 13.

Where "federal plaintiffs have not been given a reasonable opportunity to raise their federal claims in state proceedings," the inextricably-intertwined analysis may be inapplicable. *Simes v. Huckabee*, 354 F.3d 823, 827 (8th Cir. 2004) (holding plaintiffs could not be said to have had a reasonable opportunity to raise their federal claims in state court, and thus *Rooker-Feldman* doctrine did not bar federal claims brought in federal court, where the state court was previously presented with the same claims but declined to reach their merits and rested its

11

holding solely on state law; stating *Rooker-Feldman* did not bar every federal claim that would cast doubt on a state court judgment).

Before a state appellate court may reach the merits of claims on appeal, however, the court must first be presented with a timely appeal. *See Skit*, 487 F.3d at 1158 (declining to exempt from *Rooker-Feldman* "a party whose appeal was not heard because it was considered untimely") (citing *Rooker*, 263 U.S. at 415 (stating that remedy to erroneous state court decision was an appropriate and timely state appellate proceeding)). Here, unlike in *Simes*, the Iowa Supreme Court determined Thorsheim's appeal was untimely, and this Court does not have jurisdiction to review that determination. *See id.* (concluding federal district court had no jurisdiction to review state supreme court's decision to deny the plaintiff's motion challenging state court's dismissal of his appeal as untimely); *cf. State v. O'Dell*, 456 N.W.2d 910, 912 (Iowa 1990) (stating that when reviewing the action of a single justice, the panel of three Iowa Supreme Court justices, a quorum of the court, "completely reconsiders the application *ab initio*, and the views of the single justice play no part in a panel decision").

To the extent Thorsheim is contending that Jobe's and Miller's failure to timely provide him with transcript copies deprived him of a reasonable opportunity to present his claim of transcript tampering to the Iowa Supreme Court, the argument is insufficient to establish the exception to applicability of *Rooker-Feldman*. *See Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999) (determining the reasonable opportunity exception to *Rooker-Feldman* required the plaintiff to point to some factor, such as an action or procedure of the state court independent of the actions of the opposing party, that prevented the plaintiff from presenting her claims to the state court). Moreover, on September 2 and 3, 2008, when Thorsheim alleges he discovered the tampering with the transcripts, he did not request an immediate stay of the appellate proceedings. He did file motions with the Iowa Supreme Court on September 15, 2008, outlining his claims that the transcripts had been altered or were incomplete at Judge Hanson's directions. These motions were considered by the Iowa Supreme Court prior to its October 17, 2008, ruling.

12

For these reasons, the Court respectfully recommends that Defendants' Motions to Dismiss under Rule 12(b)(1) be granted, and all of Thorsheim's federal claims be dismissed for lack of subject matter jurisdiction.

### 2. Failure to state a claim under 42 U.S.C. § 1983

To the extent that any of Thorsheim's § 1983 claims remain, the Court respectfully recommends they be denied under Federal Rule of Civil Procedure 12(b)(6). Defendants assert that Thorsheim has failed to state a claim, as required under Rule 12(b)(6), because he cannot establish causation, an element of his § 1983 claim, in that the alleged transcript alterations did not cause his claimed injuries – the state court rulings that were not in his favor.

To state a claim under § 1983 claim, a plaintiff must "allege (1) that the defendant acted under color of state law, and (2) that the alleged conduct deprived the plaintiff of a constitutionally protected federal right." *Van Zee v. Hanson*, No. 10-1588, 2011 WL 135735, at *1 (8th Cir. Jan. 18, 2011) (citing *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009)).

The requirement under Federal Rule of Civil Procedure 8(a)(2) that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," does not require detailed factual allegations, but calls for "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, __, 129 S. Ct. 1937, 1940 (2009) (quoting Rule 8(a)(2), *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face, "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Under this standard, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements," and, "determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Id.* (citing *Twombly*, 550 U.S. at 555-56). A court considering a motion to dismiss may start by identifying allegations that are not entitled to the assumption of truth, because the allegations are mere conclusions; legal conclusions must be supported by factual allegations. *Id.* When well-pleaded

factual allegations exist, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 1941. Although they are liberally construed, pro se complaints must allege sufficient facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

The Court finds that Thorsheim's pleadings do not comply with Rule 8 under the principles stated in *Iqbal* and *Twombly*. Thorsheim alleges generally that the "tampering of the transcripts caused a recognizable harm to the Plaintiff." Sec. Am. Compl. 18. He also argues generally that the Iowa Supreme Court's failure to address his allegations of transcript tampering caused his alleged harm. Thorsheim further maintains that this Court "must give the benefit of doubt to the Iowa Supreme Court that if it had known from evidence that transcript tampering had occurred in the manner alleged, that this fact would have affected and changed their determinations." Res. State's Mot. Dismiss Am. Compl. 4, ECF No. 30. The Iowa Supreme Court, however, knew about Thorsheim's allegations of transcript tampering and resultant errors in the appellate record, and his asserted transcript modifications, as a result of Thorsheim's motions and affidavit filed in that court on September 15, 2008, and this, together with the Iowa Supreme Court's finding of untimeliness of Thorsheim's appeal, so undercuts Thorsheim's allegations of causation that the Court finds his complaint fails to state a claim. *Cf. Florida State Bd. of Admin. v. Green Tree Fin. Corp.*, 270 F.3d 645, 653 (8th Cir. 2001) (discussing whether public filings undercut allegations in complaint considered on a motion to dismiss, and distinguishing Second Circuit case, where such evidence so undercut the allegations that the complaint failed to state a claim).

The Court respectfully recommends that to the extent any of Thorsheim's § 1983 claims against Defendants remain, the claims be dismissed, because he has not sufficiently stated a claim that Defendants' alleged conduct deprived him of a constitutionally protected federal right.

### B. Supplemental State Claims

The Second Amended Complaint does not set forth a basis, other than alleging the existence of supplemental jurisdiction, for the Court's exercise of subject matter jurisdiction over Thorsheim's state law claims. A district court may "decline to exercise supplemental

jurisdiction over a claim" if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). *Gibson v. Weber*, 433 F.3d 642, 647 (8th Cir. 2006) (stating that in 28 U.S.C. § 1367(c), Congress gave district courts discretion to dismiss supplemental state law claims when all federal claims have been dismissed) (citing *Labickas v. Arkansas State Univ.,* 78 F.3d 333, 334 (8th Cir. 1996)); *accord, Moots v. Lombardi*, 453 F.3d 1020, 1024 (8th Cir. 2006) (stating that because it was proper for the district court to grant summary judgment for the defendants as to the plaintiff's § 1983 claims, the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the plaintiff's remaining state law claims).

A district court also may "decline to exercise supplemental jurisdiction over a claim" if "the claim raises a novel or complex issue of State law." 28 U.S.C. § 1367(c)(1). In the interest of comity, a federal district court should "avoid the needless, and non-definitive, federal resolution of an important question of state law." *C & J Management Corp. v. Anderson*, 707 F. Supp. 2d 858, 863 (S.D. Iowa 2009) (stating Iowa law concerning the plaintiffs' claims of breach of fiduciary duty was relatively sparse, making it likely that if the court were to adjudicate the state law claims, the court would be required to rule on novel issues of state law; holding the court would exercise its discretion to decline supplemental jurisdiction over the action following dismissal of the federal claims) (quoting *Koke v. Stifel, Nicolaus & Co., Inc.*, 620 F.2d 1340, 1346 (8th Cir. 1980)).

Here, Defendants assert that Iowa courts have not recognized a state law cause of action based on a claim of transcript spoliation. Thorsheim asks this Court to "recognize a new tort of spoliation by court official" under the circumstances of this case, or alternatively, to allow him to "substitute a tort of harassment in its place." Res. Mot. Dismiss Am. Compl. by Polk County and Roger Kuhle 5, ECF No. 26. If the Court proceeded to adjudicate Thorsheim's state law claim based on the theory of spoliation, the Court would be required to rule on novel issues of state law. For this reason, and because it is recommended that all of Thorsheim's federal claims be dismissed, the Court respectfully recommends that supplemental jurisdiction over

Thorsheim's state law claims be declined, and the state law claims be dismissed without prejudice.

### RECOMMENDATION AND ORDER

IT IS RESPECTFULLY RECOMMENDED, under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motions to Dismiss (Clerk's Nos. 6, 13, 15, 17, 22 and 36) be **granted** for the reasons discussed above, and that Plaintiff's claims against all Defendants be dismissed.

IT IS ORDERED that the parties have until March 10, 2011, to file written objections to this Report and Recommendation, under 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. *Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990) (per curiam); *Halpin v. Shalala*, 999 F.2d 342, 345 & n.1, 346 (8th Cir. 1993). The Court will freely grant such extensions. *Martin v. Ellandson*, 122 F. Supp. 2d 1017, 1025 (S.D. Iowa 2000). Any objections filed must identify the specific portions of the Report and Recommendation and relevant portions of the record to which the objections are made and set forth the basis for such objections. *See* Fed.R.Civ.P. 72; *Thompson*, 897 F.2d at 357; *Martin*, 122 F. Supp. 2d at 1025. Failure to timely file objections may constitute a waiver of a party's right to appeal questions of fact. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Newton*, 259 F.3d 964, 966 (8th Cir. 2001) (citing *Griffini v. Mitchell*, 31 F.3d 690, 692 (8th Cir. 1994)).

**IT IS SO ORDERED**.

Dated this 23rd day of February, 2011.

CELESTE F. BREMER
UNITED STATES MAGISTRATE JUDGE